UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHELLE MARQUEZ,

     Plaintiff,

v.            Case No:  6:14-cv-241-Orl-36KRS

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

     Defendant.
_____

<u>ORDER</u>

   This cause comes before the Court on the Report and Recommendation of Magistrate Judge Karla R. Spaulding, filed on May 8, 2014.  Doc. 29.  In the Report and Recommendation, Magistrate Judge Spaulding recommends that the Court grant Plaintiff Michelle Marquez's ("Plaintiff") Motion for Remand (Doc. 18).  *Id.*  On May 15, 2014, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed objections to the Report and Recommendation ("Objections").  Doc. 30.  Plaintiff filed a response to these Objections on May 28, 2014 ("Response").  Doc. 31.

I.  **Standard**

   Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to . . . proposed findings and recommendations."  Once a timely objection to the Report and Recommendation is made, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507, 512 (11th Cir. 1990).  The district judge may accept, reject, or

modify in whole or in part, the report and recommendation of the magistrate judge.  Fed. R. Civ. P. 72(b)(3).  The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions.  *Id.*

## II.    Background

This action arises from an automobile accident that occurred on June 6, 2012 that caused Plaintiff injury.  Doc. 2.  Plaintiff was driving a car owned by her grandmother and insured by State Farm at the time of the accident.  *Id.*  Sergio A. Rivas is alleged to have collided with Plaintiff, causing the accident.  *Id.*  After the accident, Plaintiff sued State Farm in the Eighteenth Judicial Circuit in and for Brevard County, Florida for: 1) breaching the automobile policy it had issued to the grandmother by failing to pay uninsured/underinsured motorist insurance benefits to Plaintiff for her injuries (Count I), and 2) acting in bad faith by failing to settle Plaintiff's claim for uninsured/underinsured motorist insurance benefits (Count II).  *Id.*  On February 12, 2014, State Farm removed Plaintiff's state court case to this Court on the basis of diversity jurisdiction.  *See* Doc. 4.  On March 13, 2004, Plaintiff filed her Motion for Remand arguing that State Farm had not met its burden of proving that the amount in controversy exceeded $75,000.00.  Doc. 18.

## III.    Analysis

In the Report and Recommendation, the Magistrate Judge correctly noted that State Farm conceded that the amount in controversy under Count I is $70,000.00 as the uninsured/underinsured motorist insurance coverage had a policy limit of $100,000.00 and State Farm already paid out $30,000.00 of that coverage to Plaintiff before the state court action was filed.  Docs. 2, 24.  Thus, at issue here is whether the value of the bad faith claim under Count II of Plaintiff's state court complaint brings the amount in controversy to in excess of $75,000.00.

2

The Magistrate Judge found that, "[u]nder Florida law, a claim for bad faith failure to settle an insurance claim does not accrue until the underlying [uninsured/underinsured motorist] claim is resolved and a final determination of liability and damages has been made," citing *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). *See* Doc. 29 at 8. Accordingly, the Magistrate Judge determined that, since there has been no determination of liability or damages here under Count I, there is currently no value to Plaintiff's bad faith claim. *Id*. at 9.

In State Farm's Objections to the Report and Recommendation, State Farm argues that, one of the cases the Magistrate Judge uses for the proposition that "[a] non-ripe bad faith claim has zero value with regard to the amount in controversy" is inapplicable to this case. *See* Doc. 30 (citing *Brown v. Safeco Ins. Co.*, Case No. 6:13-cv-1982-Orl-31GJK, 2014 WL 1478833 at *1 (M.D. Fla. Apr. 14, 2014). Specifically, State Farm points out that the "*Brown* decision was based upon the fact that the companion 'bad faith' count had been abated, and therefore was not pending at the time the court was considering remand." *See* Doc. 30 at 2.

State Farm's objection is misguided. It is true that, in *Brown*, the court abated the bad faith claim as premature. 2014 WL 1478833 at * 1. However, the law in Florida is clear that:

> If an uninsured motorist is not liable to the insured for damages arising from an accident, then the insurer has not acted in bad faith in refusing to settle the claim. Thus, an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue. It follows that an insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits. **Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action cannot exist for a bad faith failure to settle.**

*Blanchard*, 575 So. 2d at 1291 (emphasis added). The cases State Farm cites acknowledge this fundamental Florida law. *See Jenkins v. Allstate Ins. Co.*, No. 5:08-cv-285-Oc-10GRJ, 2008 WL

4934030 at *2 (M.D. Fla. Nov. 12, 2008) ("under Florida law a bad faith claim does not accrue until the conclusion of the underlying contract claim. . . . This means that until a final judgment is entered the bad faith claim does not exist . . ."); *Hartford Ins. Co. v. Mainstream Constr. Group, Inc.*, 864 So.2d 1270, 1271 (Fla. 5th Dist. Ct. App. 2004) (bad faith claim may only be brought after coverage and contractual issues between the insured and the insurer are resolved).

Thus, State Farm's assertion that the *Brown* decision was *based* upon the bad faith claim being abated is an incorrect interpretation of the law because the Florida Supreme Court in *Blanchard* made is clear that a cause of action for a statutory bad faith failure to settle claim *cannot exist* unless there has been a determination of the existence of liability on the part of the uninsured tortfeasor and the extend of the plaintiff's damages.  Therefore, the value of Plaintiff's bad faith claim is not contingent on that claim being dismissed or abated.[1]  Additionally, subject matter jurisdiction based upon diversity of citizenship jurisdiction in federal court is a threshold issue that must be determined based upon an evaluation of the state court complaint, the notice of removal, or evidence relevant to the amount in controversy *at the time the case was removed*, and the burden of proving jurisdiction lies at all times with the removing defendant.  *See Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319-20 (11th Cir. 2001) (If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  Moreover, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case[,] and cannot

---

[1] State Farm filed a Motion to Dismiss the bad faith claim under Count II on February 12, 2014 (Doc. 4), and Plaintiff responded on February 21, 2014, requesting that the bad faith claim, instead, be abated (Doc. 7).

be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).

Accordingly, State Farm must show, from the state court complaint, the notice of removal or evidence relevant to the amount in controversy, that the jurisdictional amount has been met. Here, State Farm has failed to do so. There has been no resolution in state court as to Plaintiff's liability under Count I of the state court complaint. Therefore, Plaintiff's bad faith claim has not yet accrued and cannot be considered in determining whether the Court has subject matter jurisdiction over this case. The Court must, therefore, construe the bad faith claim as having no current value. Consequently, the amount in controversy remains $70,000.00 and, as such, does not meet the $75,000.00 amount in controversy requirement to establish diversity of citizenship jurisdiction before this Court.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 29) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2. Plaintiff Michelle Marquez's Motion for Remand (Doc. 18) is **GRANTED**.

3. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.

4. The Clerk is directed to send a certified copy of this Order to the Clerk of the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.

5. The Clerk is further directed to terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on June 30, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Karla R. Spaulding